. In an action to recover damages for personal injuries suffered when plaintiff’s automobile was in collision with defendant’s railroad train at a crossing, judgment, entered on the verdict of a jury in favor of plaintiff, reversed on the law and the facts and a new trial granted, with costs to abide the event. In the main charge to the jury they were instructed solely on the rules applicable under the theory of last clear chance and, by casual reference in the requests to charge, the jury were told that contributory negligence by plaintiff would bar a recovery. It would appear that the case was submitted mainly on the theory of last clear chance, and to a lesser extent under the rules of an ordinary common-law negligence action. It is impossible to determine whether or not the juiy found for plaintiff even though they found him guilty of negligence which was causally and proximately connected with the accident. Moreover, the verdict is against the weight of the evidence. In our opinion the com *773 plaint sufficiently sets forth facts "which permitted plaintiff to proceed on the theory of last clear chance. Appeal from order denying motion to set aside the verdict, and for other relief, dismissed, without costs. Lewis, P. J., Adel and Nolan, JJ., concur; Hagarty and Johnston, JJ., concur for dismissal of the appeal from the order, and for reversal of the judgment, but dissent as to granting a new trial, and vote to dismiss the complaint on the ground that no negligence on the part of the defendant was established.